IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEBORAH LYNN HART,

    Plaintiff,

v.                                              CASE NO. 1:12-cv-74-GRJ

MICHAEL J ASTRUE, Commissioner
of Social Security,

    Defendant.

_____/

# O R D E R

Plaintiff appeals to this Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act (the Act). (Doc. 1.) The Commissioner has answered, and both parties have filed briefs outlining their respective positions. (Docs. 7, 11, 14.) The parties have consented to have the undersigned U.S. Magistrate Judge conduct all proceedings in this case. (Docs. 8, 10.) For the reasons discussed below, the Commissioner's decision is due to be **AFFIRMED**.

## I. PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits under Title II of the Social Security Act (the "Act") and supplemental security income benefits under Title XVI of the Act on November 23, 2007 alleging a disability beginning May 30, 2007 due to cancer, hysterectomy, legs, pelvis, and mental health problems. (R. 16, 172.) Plaintiff was 43 years old at the time of her alleged onset of disability, has a GED, and

previously worked as a meat wrapper/hand packager. (R. 23, 57, 173, 186, 189.) Plaintiff's applications were denied initially and upon reconsideration. (R. 16, 65-68.) An administrative hearing was held before an Administrative Law Judge ("ALJ") on June 18, 2010. (R. 30-61.) On July 28, 2010, the ALJ issued a written decision finding that Plaintiff was not disabled. (R. 13-29.) The Appeals Council denied Plaintiff's request for review on February 8, 2012. (R. 1-4.) Plaintiff then filed her Complaint in this case on April 9, 2012. (Doc. 1.)

## II. STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.[1] Substantial evidence is more than a scintilla, i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.[2]

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.[3] The district court must view the evidence as a whole,

---

[1] *See* 42 U.S.C. § 405(g) (2000).

[2] Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)); *accord,* Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

[3] Edwards, 937 F.2d at 584 n.3; Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).

taking into account evidence favorable as well as unfavorable to the decision.[4] However, the district court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.[5]

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death, or has lasted or can be expected to last for a continuous period of not less than twelve months.[6] The impairment must be severe, making Plaintiff unable to do his previous work, or any other substantial gainful activity which exists in the national economy.[7]

The ALJ must follow five steps in evaluating a claim of disability.[8] First, if a claimant is working at a substantial gainful activity, he is not disabled.[9] Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does

---

[4] Foote, 67 F.3d at 1560; *accord,* Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (holding that the court must scrutinize the entire record to determine reasonableness of factual findings); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (finding that the court also must consider evidence detracting from evidence on which the Commissioner relied).

[5] Keeton v. Dep't Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

[6] 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505 (2005) (All further references to 20 C.F.R. will be to the 2005 version unless otherwise specified.).

[7] 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

[8] 20 C.F.R. §§ 404.1520, 416.920. The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991).

[9] 20 C.F.R. § 404.1520(b).

not have a severe impairment and is not disabled.[10] Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.[11] Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.[12] Fifth, if a claimant's impairments (considering his residual functional capacity ("RFC"), age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.[13]

The burden of proof regarding the plaintiff's inability to perform past relevant work initially lies with the plaintiff.[14] The burden then temporarily shifts to the Commissioner to demonstrate that "other work" which the claimant can perform currently exists in the national economy.[15] The Commissioner may satisfy this burden by pointing to the Medical-Vocational Guidelines (the "Grids") for a conclusive

---

[10] 20 C.F.R. § 404.1520(c).

[11] 20 C.F.R. § 404.1520(d).

[12] 20 C.F.R. § 404.1520(e).

[13] 20 C.F.R. § 404.1520(f).

[14] Walker v. Bowen, 826 F.2d 996, 1002 (11th Cir. 1987); *see also* Doughty v. Apfel, 245 F. 3d 1274, 1278 (11th Cir. 2001).

[15] Doughty, 245 F.3d at 1278 n.2. In Doughty the court explained this burden shifting as follows:

In practice, the burden temporarily shifts at step five to the Commissioner. The Commissioner must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform. In order to be considered disabled, the claimant must then prove that he is unable to perform the jobs that the Commissioner lists. The temporary shifting of the burden to the Commissioner was initiated by the courts, and is not specifically provided for in the statutes or regulations.) (Internal citations omitted).

determination that a claimant is disabled or not disabled.[16]

However, the ALJ should not exclusively rely on the Grids when "the claimant has a non-exertional impairment which significantly limits his or her basic work skills or when the claimant cannot perform a full range of employment at the appropriate level of exertion."[17] In a situation where both exertional and non-exertional impairments are found, the ALJ is obligated to make specific findings as to whether they preclude a wide range of employment.[18]

The ALJ may use the Grids as a framework to evaluate vocational factors so long as he introduces independent evidence of the existence of jobs in the national economy that the claimant can perform.[19] Such independent evidence may be introduced by a Vocational Expert's ("VE") testimony, but this is not the exclusive means of introducing such evidence.[20] Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he or she is not capable of performing the "other work" as set forth by the Commissioner.

### III. SUMMARY OF THE RECORD

Because Plaintiff's challenge on appeal pertains only to her mental impairments,

---

[16] Walker, 826 F.2d at 1002 ("[T]he grids may come into play once the burden has shifted to the Commissioner to show that the claimant can perform other work.").

[17] Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir. 1996). *See* Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999); Walker, 826 F.2d at 1003 ("The grids may be used only when each variable on the appropriate grid accurately describes the claimant's situation.").

[18] Walker, 826 F.2d at 1003.

[19] Wolfe, 86 F.3d at 1077-78.

[20] *See id.*

the summary of the record will focus on those impairments.

### A. <u>Medical Records</u>

As the ALJ's step two finding demonstrates, Plaintiff suffers from lumbar spine disorder, knee disorder, hip disorder, and affective disorder. (R. 18.) She also had a previous ear surgery with residual hearing loss as well as a history of cervical cancer. (R. 19.) Plaintiff was treated for her mental impairments primarily at Meridian Behavioral Healthcare. She also underwent consultative psychological examinations and her records were reviewed by various state agency experts.

Dr. Andres Nazario performed a consultative psychological examination on August 9, 2006. Dr. Nazario opined that Plaintiff met the criteria for alcohol and cannabis dependence as well as bipolar disorder. She appeared able to concentrate; understand and follow directions; and interact appropriately with others. (R. 339-44.)

Dr. Janet Humphreys performed a consultative psychological examination of Plaintiff on May 23, 2008. Plaintiff reported symptoms consistent with mood disorder (not otherwise specified), posttraumatic stress disorder, panic disorder with agoraphobia, sleepwalking disorder, and chronic pain. Dr. Humphreys opined that Plaintiff had the ability to do work-related activities; "showed only mild impairment of short-term memory during examination"; and "appeared capable of carrying out complex instructions." (R. 397-403.)

State agency experts Val Bee, Michael Zelenka, and Nancy Dinwoodie each performed records reviews of Plaintiff's mental impairments. All three state agency experts opined in PRTs that Plaintiff had mild restriction in activities of daily living and

moderate limitations in maintaining social functioning and concentration, persistence, or pace. (R. 355, 418, 453.) The experts' mental RFC assessments were as follows: Dr. Bee opined that Plaintiff appeared to have adequate capacity for understanding and memory but may exhibit occasional lapses in concentration and productivity. Plaintiff appeared capable of well structured task activity with only limited, superficial social demands (R. 369.) Dr. Zelenka opined that Plaintiff was vulnerable to moods that might affect her functioning in a work setting, but "she retains adequate mental ability to carry out simple instructions and to relate adequately to others in a routine work setting." (R. 406.) Dr. Dinwoodie opined that Plaintiff was capable of understanding and following instructions; sustaining concentration for task completion; completing a full work day and week; socially appropriate behavior; and using judgment to avoid normal hazards. (R. 441.)

**B.** **Hearing Testimony**

At her administrative hearing, Plaintiff testified that she last worked in 2007 as a meat wrapper, but she stopped working due to her physical limitations. She described her current inability to work as due mostly to her mental problems and because she gets aggravated very easily. She also complained of auditory and visual hallucinations, which worsened since she quit drinking six months prior. Plaintiff complained of having problems completing tasks and "spacing out." She testified that she takes the bus into Gainesville 3-4 times a week for her appointments. She also goes to AA meetings seven days a week. She and her mother do the household shopping. (R. 30-61.)

## C. <u>Findings of the ALJ</u>

The ALJ found that Plaintiff could perform her past relevant work as a meat wrapper/hand packager and was not disabled. At step three, the ALJ found that Plaintiff had mild restrictions in activities of daily living; moderate difficulties in social functioning, moderate difficulties with regard to concentration, persistence, or pace; and no episodes of decompensation. (R. 19-20.) The ALJ determined that Plaintiff's mental RFC was as follows:

> The claimant is limited to understanding and remembering simple on [sic] and two-step instructions, carrying out simple decision-making and only occasional changes in the work setting.

(R. 20.)

## IV. <u>Discussion</u>

The issue raised by Plaintiff on appeal is whether the ALJ's finding at step four that Plaintiff can return to her past relevant work as a meat wrapper/hand packager is supported by substantial evidence. Plaintiff argues that the ALJ's hypothetical to the VE did not include all of Plaintiff's mental restrictions and therefore the step four finding was not supported by substantial evidence. As discussed below, the ALJ did not err, the ALJ's decision was supported by substantial evidence and the Commissioner's decision is due to be affirmed.

### A. <u>The ALJ's Step Four Finding was Supported by Substantial Evidence</u>

Plaintiff challenges the hypothetical posed to the VE at step four on the grounds

that the ALJ did not include the findings from the psychiatric review technique regarding Plaintiff's moderate difficulties in maintaining concentration, persistence, and pace and moderate difficulties in social functioning. Specifically, Plaintiff argues that the hypothetical did not adequately account for her moderate limitations in maintaining concentration, persistence, or pace and did not include Dr. Bee's finding that Plaintiff may exhibit occasional lapses in concentration and productivity. (R. 367-69.) As a result of these flaws, Plaintiff argues that the VE's testimony cannot constitute substantial evidence in support of the step four finding and therefore reversal and remand is appropriate. (Doc. 11.)

At step four, the claimant bears the burden of demonstrating she cannot return to her past relevant work.[21] If a claimant's impairments do not prevent her from performing past relevant work, she is not disabled.[22] While the testimony of a vocational expert is often relevant at step five - after the burden has shifted to the Commissioner to prove that there are jobs that exist in significant numbers in the national economy that an individual with Plaintiff's RFC could perform - there is no requirement for an ALJ to use VE testimony to determine whether a claimant can perform her past relevant work at step four.[23] While the regulations provide that "the

---

[21] Lucas v. Sullivan, 918 F.2d 1567, 1571 (11th Cir. 1990)("The claimant also bears the initial burden of proving that she is unable to perform her previous work.").

[22] 20 C.F.R. § 404.1520(e).

[23] Hennes v. Comm'r of Soc. Sec. Admin., 130 Fed. Appx. 343, 345-46 (11th Cir. 2005)(quoting 20 C.F.R. § 404.1560(b)(2)); see also Walker v. Comm'r of Soc. Sec., No. 6:07-cv-1647-Orl-18KRS, 2008 WL 5100120, at *6 (M.D.Fla. Dec. 2, 2008).

services of a vocational expert" *may* be used in making this determination,[24] vocational expert testimony is not necessary to determine whether a claimant can perform his past relevant work.[25] Accordingly, the issue in the instant case is not whether the hypothetical posed to the VE was proper – and therefore constitutes substantial evidence as would be the case at step five – but whether substantial evidence supports the ALJ's finding at step four. A review of the record as a whole discloses that even without considering the VE's response to the hypothetical, the ALJ's step four determination is supported by substantial evidence.

The VE testified that Plaintiff's past relevant work as a hand packager had an SVP of 2.[26] (R. 57.) A position with an SVP of 2, which is unskilled work, is consistent with the ALJ's determination of Plaintiff's mental RFC, which Plaintiff does not challenge. The ALJ determined that Plaintiff could perform light work with the following non-exertional limitations:

> The claimant is limited to understanding and remembering simple on [sic] and two-step instructions, carrying out simple decision-making and only occasional changes in the work setting.

(R. 20.) These limitations are consistent with the requirements of a hand packager.

The ALJ's findings are also consistent with the medical evidence of record. Dr.

---

[24] 20 C.F.R. § 416.960(b)(2).

[25] Lucas v. Sullivan, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990)(concluding "because the ALJ concluded that she [claimant] is capable of performing her past relevant work, testimony from a vocational expert was not necessary").

[26] SVP stands for "Specific Vocational Preparation." Unskilled work corresponds to an SVP of 1-2 and is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. Soc. Sec. Admin. Rul. 00-4p, 83-10.

*Case No. 1:12-cv-74-GRJ*

Nazario, a consultative examiner, opined that Plaintiff was able to concentrate; understand and follow directions; and interact appropriately with others. (R. 339-44.) Dr. Humphreys, also a consultative examiner, opined that Plaintiff had only mild impairment in short-term memory and "appeared capable of carrying out complex instructions." (R. 397-403.) State agency expert Dr. Bee opined that Plaintiff had adequate capacity for understanding and memory and was capable of well structured tasks. (R. 369.) Dr. Zelenka opined Plaintiff retained adequate mental ability to carry out simple instructions and relate with others in a routine work setting. (R. 406.) Finally, Dr. Dinwoodie opined that Plaintiff was capable of understanding and following instructions, and sustaining concentration to complete a task. (R. 441.)

Other evidence of record, including Plaintiff's testimony at the hearing and function reports, reflects that Plaintiff could perform her past relevant work. Field office staff in November 2005 and December 2007 wrote that Plaintiff did not observe problems with her concentration or coherency. (R. 135, 169.) Plaintiff's mother wrote that Plaintiff could cook meals, pay bills, and handle a savings account. (R. 140, 142.) Plaintiff testified that she performs some household chores, helps with household shopping, uses the public bus system 3-4 times per week, attends AA meetings every day and has the times memorized for each day. (R. 30-61.)

The Court therefore concludes that Plaintiff did not meet her burden of demonstrating that she cannot return to her past relevant work. In comparing Plaintiff's RFC with the physical and mental demands of Plaintiff's past relevant work, the ALJ properly concluded that Plaintiff was capable of performing her past work as a meat

wrapper. The ALJ's step four determination is supported by substantial evidence and the decision of the Commissioner is therefore due to be affirmed.

**B. *Winschel* Error**

Even assuming, *arguendo*, that step five jurisprudence applies to this case and that the opinion of the VE must be analyzed to determine whether it constitutes substantial evidence in support of the ALJ's decision, the ALJ's hypothetical questions to the VE were proper and fully accounted for Plaintiff's impairments.

Generally, when posing a hypothetical to a VE the ALJ is required to describe Plaintiff's educational level, age, work skills, experience, and all of Plaintiff's impairments included in the RFC.[27] The Social Security Administration's regulations do not obligate an ALJ to use specific wording when describing Plaintiff's impairments in these hypotheticals so long as the question accurately reflects the claimant's RFC. In order for a response to a hypothetical question to constitute substantial evidence of work available to the claimant (at step five), the question must set out all of the claimant's impairments.[28] However, in posing a hypothetical question, the ALJ is not required to include findings the ALJ properly rejects, nor must he accept the VE's responses to hypothetical questions that include unsupported allegations.[29] If an ALJ determines a claimant has moderate difficulties in concentration, persistence or pace,

---

[27] Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

[28] Wilson v. Barnhart, 284 F3d.1219, 1227 (11th Cir. 2002).

[29] Wright v. Comm'r of Soc. Sec., 327 Fed. Appx. 135, 137 (11th Cir. 2009).

*Case No. 1:12-cv-74-GRJ*

then the ALJ's hypothetical to a VE must account for those difficulties.[30]  The ALJ need not include, however, such limitations explicitly in the hypothetical.[31]

Here, the ALJ's hypothetical to the VE proposed an individual with several non-exertional limitations.  The VE opined that with those restrictions an individual could perform the past work done by the Plaintiff. (R. 58.)  Plaintiff argues that the ALJ's hypothetical questions to the VE did not properly account for the ALJ's PRT findings or Dr. Bee's statement that Plaintiff might have occasional lapses in concentration and productivity, in contravention of *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011).

The Court finds first that the ALJ's RFC determination properly accounted for the ALJ's findings that Plaintiff was moderately limited in concentration, persistence, and pace.  The RFC appropriately accounted for these limitations by including the non-exertional limitations that Plaintiff was "limited to understanding and remembering simple on [sic] and two-step instructions, carrying out simple decision-making and only occasional changes in the work setting." (R. 20.)  Each of these findings described above (as well as additional limitations) were included in the hypothetical to the VE, which described a person with the following non-exertional limitations:

> understanding and remembering simple one or two-step instructions, carrying out simple one or two-step routine and repetitive tasks.  Work in a low stress job defined as having only occasional decision making, and only occasional changes in the work setting.

---

[30] *Winschel,* 631 F.3d at 1180-81.

[31] *Id.* at 1180.

(R. 57.)

Accordingly, the Court concludes that the ALJ's hypothetical to the VE adequately addressed Plaintiff's moderate mental limitations. The ALJ, in turn, appropriately considered the VE's testimony that the hypothetical individual could perform work as a hand packager.

## V.  CONCLUSION

In light of the foregoing it is **ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk is directed to enter final judgment and close the file.

**DONE AND ORDERED** this 23rd day of January 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge